IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD SIMILIEN, | ) | CASE NO. 4:04CV0162 |
| | ) | |
| Petitioner, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| MARK BEZY, WARDEN, | ) | Magistrate Judge James S. Gallas |
| FCI ELKTON,[1] | ) | |
| | ) | |
| Respondent. | ) | |

Leonard Similien (hereinafter "Similien") has filed a motion for execution of sentence pursuant to 18 U.S.C. §3585 contesting the failure to credit his federal sentence with the time he was detained by immigration authorities. Similien, is a prisoner in federal custody at FCI Elkton in Lisbon, Ohio. Similien's involvement with authorities began with his arrest on December 6, 2001 by Florida state authorities for trafficking in cocaine. On January 15, 2002, Similien was bonded from the Orange County Jail into the custody of the United States Immigration and Naturalization Service (INS). The Bureau of Immigration and Customs Enforcement (ICE) detained Similien at the Bradenton Detention Facility in Manatee County, Florida for exclusion proceedings until May 20, 2002, a period of 152 days. Exclusion proceedings determine whether a person should be excluded from entering the United States. On May 20, 2002 Similien was taken into federal custody and arrested by United States Drug Enforcement Agency (DEA) on federal narcotics charges. Similien pleaded guilty on October 29, 2002, to one count of Possession with Intent to Distribute Cocaine Base and one count Possession with Intent to Distribute Cocaine Hydro in violation of 21 U.S.C.

---

[1] The United States and Federal Bureau of Prisons should be dismissed since they are not custodial for purposes of Similien's motion, which is properly construed as falling within 28 U.S.C. §2241 for habeas corpus. See *Rumsfeld v. Padilla*, 542 U.S. 426, 434-36, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

4:04 CV 0162                                                     2

§841(a)(1). Similien was given 203 days prior custody credit for time served in official detention prior to the commencement of his federal sentence for the period from December 6, 2001, to January 15, 2002, and for the period from May 20, 2002 to October 28, 2002.

*Jurisdiction under 28 U.S.C. §2241*:

The issue in this appeal is whether or not Similien is entitled to sentence credit for time spent in INS detention and accordingly, this action is properly reviewed under 28 U.S.C. §2241. A petition for habeas corpus under §2241 is a proper vehicle for raising the challenge to the length of sentence calculation. See *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *U.S. v. Jalili*, 925 F.2d 889, 891-93 (6th Cir. 1991); *U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). In the Sixth Circuit, moreover, a *pro se* motion for credit for time served under 18 U.S.C. §3585 may be construed as a petition for writ of habeas corpus under §2241. See *U.S. v. Singh*, 52 Fed. Appx. 711, 712 (6th Cir. Dec. 6, 2002). Moreover, since Similien was incarcerated at FCI-Elkton at the time his motion was filed, jurisdiction lies with the Northern District of Ohio. See *White v. Lamanna*, 42 Fed. Appx. 670 (May 3, 2002); *In re Jones*, 226 F.3d 328, 332-333 (4th Cir. 2000). In addition, the prisoner can seek judicial review pursuant to 28 U.S.C. §2241 only after exhausting his administrative remedies. See *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Both parties have acknowledged that Similien has exhausted his administrative remedies, and Similien is entitled to review under 28 U.S.C. §2241 because the relief he seeks is time credit for the period he was detained by the INS.

4:04 CV 0162                                    3

*Analysis*:

Similien claims he is entitled under 18 U.S.C. §3585(a) and (b)(2) to have 152 days added to his prior custody credit for his time in INS detention between January 15, 2002 and May 20, 2002. The petitioner incorrectly designated the dates in his petition as being December 2, 2002 to October 28, 2002. Similien concedes that the Federal Bureau of Prisons has already addressed this particular issue and determined that he is not entitled to time credit for his period of INS detention. He also concedes that 18 U.S.C. §3585 is constitutional. Similien requests a judicial review of the Federal Bureau of Prisons findings.

Title 18, United States Code, Section 3585, determines the calculation of a term of imprisonment.[2] The Attorney General, through authority delegated to the Federal Bureau of Prisons (BOP) pursuant to Title 28, Code of Federal Regulations (CFR), Section 0.96, not the District Court, is responsible for granting a defendant credit for time in official detention prior to the date the sentence commences. *United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).; *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996).

The Supreme Court has recognized this Congressional delegation of sentence computation

---

[2]§3585. Calculation of a term of imprisonment
(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

4:04 CV 0162                                          4

responsibility and has given deference to BOP interpretation of sentence administration statutes noting that the BOP is the agency charged with administering 18 U.S.C. §3585(b). See *Lopez v. Davis*, 531 U.S. 230, 240, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001); *Reno v. Koray*, 515 U.S. 60, 60-61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The BOP has "the sort of specific responsibility for administering the law that triggers" deference under *Chevron* to the administrative interpretation and further deference under *Chevron* is appropriate because the law interpreted was not criminal. See *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (analyzing situations where deference is given to agencies' decisions); *Sash v. Zenk*, 428 F.3d 132, 135-36 (2nd Cir. 2005), *cert. denied*, 127 S.Ct. 277 (2006).[3]

A person under INS detention awaiting a deportation determination is not "in official detention" as required by 18 U.S.C. §3585(b). See Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u>; *Reno*, 515 U.S. at 61 ("credit for time spent in 'official detention' under §3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' §3621(b), and who were subject to BOP's control.") Even though Similien was at a county correctional facility, he was subject to ICE control, not the BOP. Plus, a deportation proceeding is a civil, not criminal action. See *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1042-43, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). Therefore, Similien's claim under 18 U.S.C. §3585(b)(2) lacks merit.

---

[3] As discussed in *Sash*, *Chevron* deference is inappropriate to criminal statutes. *Id.*, 428 F.3d at 135. However like the good-time credits involved in *Sash*, the BOP was not interpreting criminal laws. See also *Michel v. INS*, 206 F.3d 253, 262-63 (2nd Cir. 2000) (applying *Chevron* deference to Board of Immigration Appeals interpretation of "moral turpitude" in removal hearing).

4:04 CV 0162                                              5

*CONCLUSION AND RECOMMENDATION*

Similien offered no evidence as to why his time in INS custody should be credited. The Bureau of Prisons Program Statement 5880.28 and its progeny are clear about the issue and state unequivocally that time spent in INS detention is not "official detention" as required by 18 U.S.C. §3585(b) because a deportation proceeding is a civil, not a criminal action. For these reasons, his motion as construed as a petition for habeas corpus under 28 U.S.C. §2241 should be denied and dismissed.

          s/James S. Gallas
          United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   January 19, 2007